NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0015n.06

No. 19-2232

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 08, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DOMINIQUE GILBERT, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  In October of 2019, defendant Dominique Gilbert was sentenced to 39 months of imprisonment after pleading guilty to offenses under 18 U.S.C. § 1029(a)(4) and 18 U.S.C. § 1028A(a)(1).  The only question Gilbert raises on this direct appeal is whether his counsel provided ineffective assistance.  Because direct appeal is not the proper vehicle to address Gilbert's claim of ineffective assistance of counsel, we affirm the district court's judgment.

**I.**

On August 1, 2018, a federal criminal complaint was filed against Gilbert charging him with four offenses related to identity theft.  On September 18, 2018, Gilbert appeared in federal court on a writ of habeas corpus ad prosequendum and consented to federal detention.  Previously, Gilbert was being held in state custody for a parole violation.  The grand jury issued an Indictment against Gilbert on January 16, 2019, charging him with one count of possession of device-making

equipment in violation of 18 U.S.C. § 1029(a)(4) and one count of possession of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3). Gilbert was arraigned on January 22, 2019 and entered a plea of not guilty. He remained in federal custody.

On May 16, 2019, the grand jury issued a Superseding Indictment charging Gilbert with possession of device-making equipment in violation of 18 U.S.C. § 1029(a)(4) and aggravated identity theft and aiding and abetting in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2. On May 28, 2019, Gilbert pled guilty to both counts of the Superseding Indictment.

During preparation for the sentencing, Gilbert's counsel learned that Gilbert would not be able to count the time he had been detained in federal custody towards his federal sentence because he was being detained on a writ of habeas corpus ad prosequendum from the state. Since he was detained pursuant to the writ, Gilbert would only receive credit towards his state sentence. Up until that time, both Gilbert and his counsel had believed that he was receiving federal credit while detained. By the time that counsel realized the mistake, Gilbert had been in federal custody for approximately fifteen months.

At the sentencing hearing, Gilbert's counsel told the court that the error concerned him "because quite frankly, I feel that I didn't do an adequate job in advising my client in terms of how time counts." DE 33, Sentencing Hr'g Transcript, Page ID 145. His counsel explained that Gilbert believes that had he remained in state custody, his sentence for his parole violation would have been less than twelve months, and at the end of that time he would have been turned back over to federal custody and been able to count the remaining months of his detention towards his federal sentence. When questioned by the court, the government acknowledged that the state authorities will sometimes impose shorter sentences when a defendant also has a pending federal charge so that the state does not have to pay for the defendant's detention. Gilbert's counsel admitted,

however, that he had no proof regarding what sentence the Michigan Department of Corrections would have imposed if Gilbert had returned to state custody and that his belief that the sentence would have been less than twelve months was speculation on his part. Counsel also speculated that if he had known Gilbert was not receiving federal credit while he was detained, he may have handled the plea negotiations differently.

After his counsel explained the misunderstanding, the district court asked Gilbert whether he still wished to continue with his plea. Gilbert confirmed that he did and told the court that he was still satisfied with his counsel's representation. The district court then sentenced Gilbert to 15 months of imprisonment on Count 1 to run concurrently with Gilbert's state sentence and 24 months of imprisonment on Count 2 to be served consecutive to Count 1 and any state sentence. Gilbert filed a timely appeal, arguing that his attorney provided ineffective assistance of counsel by incorrectly telling him he was receiving federal credit for the time he was detained in federal custody.

## II.

To prevail on a Sixth Amendment ineffective-assistance-of-counsel claim, Gilbert must show that his counsel's conduct fell below "an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). We generally do not review claims of ineffective assistance of counsel on direct appeal because such claims are better suited to adjudication in post-conviction proceedings. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012); *United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005). On direct appeal, the record is often inadequate or incomplete because the proceedings at the trial court were not "developed

precisely for the object of litigating or preserving" an ineffective-assistance-of-counsel claim. *Ferguson*, 669 F.3d at 762 (quoting *Massaro,* 538 U.S. at 504–05). Requiring the defendant to file a § 2255 motion "allows the claim to be litigated in the first instance in the district court, which is 'the forum best suited to developing the facts necessary to determining the adequacy of representation' because it may take testimony from witnesses including the defendant, prosecution, and counsel." *Id.* (quoting *Massaro*, 538 U.S. 505–06.) We make an exception only in the rare case in which the record is adequate to review the claim on direct appeal. *See United States v. Pruitt,* 156 F.3d 638, 646 (6th Cir. 1998). To be permitted to proceed on direct appeal, the defendant must provide a "substantive argument concerning why the record here is sufficiently developed for us to rule on his ineffective-assistance claim on direct review." *United States v. Williams*, 612 F.3d 500, 508–09 (6th Cir. 2010).

Gilbert has not shown that his is the exceptional ineffective-assistance-of-counsel claim that should be adjudicated on direct appeal. The record is inadequate to fairly evaluate either prong of *Strickland*. First, the only evidence Gilbert identifies to prove that his counsel's performance was deficient is his counsel's statement to the court at the sentencing hearing that he felt that he did not "do an adequate job." DE 33, Sentencing Hr'g Transcript, Page ID 145. There is no record of what specifically his counsel told Gilbert about how his time would be credited while in federal custody. Second, the record contains only speculation as to whether Gilbert was prejudiced by his counsel's alleged error. Gilbert's counsel told the court that Gilbert believed that if he had been returned to state custody "he would have already been paroled through the state and then turned over to the [federal government.]" *Id.* at Page ID 147. But there is no evidence in the record of what the state parole board would have agreed to; Gilbert's counsel even acknowledged that "there's speculation on his part." *Id.* at Page ID 147–48. There is also no testimony about how

Gilbert's trial counsel may have changed his strategy during plea negotiations had he been properly informed. Finally, the record gives no indication of whether Gilbert would have agreed to postpone his jury trial as he did several times if he had known he was not receiving federal credit. Simply put, the record is insufficient to properly evaluate Gilbert's ineffective-assistance-of-counsel claim. We therefore decline to review Gilbert's claim and leave it to be resolved in post-conviction proceedings.

## III.

The judgment and sentence of the district court is affirmed.